IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


JAVEON SHELTON                                                    PLAINTIFF


v.                          Civil No. 1:25-cv-01013-SOH-SGS


SERGEANT DYLAN OWENS;
JAILER DUSTIN TATUM;
CAPTAIN LISA WORLEY;
NURSE KASI SANFORD;
CHACONNIE WILLIAMS;
and O.J. CRITTEN                                                  DEFENDANTS


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Javeon Shelton, filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983.  Currently before the Court is Plaintiff's failure to prosecute.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I.    BACKGROUND

Plaintiff initially filed his Complaint on February 14, 2025 along with a Motion to Proceed *in forma pauperis* ("IFP").  (ECF Nos. 1-2).  The Court provisionally filed Plaintiff's Complaint and IFP Application, but ordered Plaintiff file an Amended Complaint and Certificate of Accounts so the Court could adequately determine Plaintiff's IFP status.  (ECF No. 3).  Plaintiff complied and the Court granted him IFP status on March 13, 2025.  (ECF No. 9).  Plaintiff also filed his Amended Complaint on March 7, 2025.  (ECF No. 6).

1

The Court executed service on all Defendants except O.J. Critten.  (ECF Nos. 17, 19). Accordingly, the Court entered an Order on May 30, 2025 ordering Plaintiff to provide additional service information for O.J. Critten.  (ECF No. 23).  Plaintiff was provided until June 20, 2025 to respond and advised that failure to respond would result in Defendant Critten's dismissal from this case.  *Id.*  Plaintiff never responded with additional service information for O.J. Critten.

On June 17, 2025, the Defendants filed a Notice indicating they received return mail from Plaintiff's address of record.  Accordingly, the Court entered an Order to Communicate to Plaintiff on June 18, 2025.  (ECF No. 27).  This Order was mailed to Plaintiff's address of record at the Arkansas Division of Corrections Varner Unit (hereinafter "Varner Unit").

On June 26, 2025, Plaintiff filed a Motion for Summary Judgment.  (ECF No. 28).  The Court issued an Order on July 2, 2025 striking Plaintiff's Motion for Summary Judgment from the docket for failure to comply with the Federal Rules of Civil Procedure.  (ECF No. 29).

On July 9, 2025, Plaintiff filed a Response to the Court's Order to Communicate stating he was still incarcerated at the Varner Unit.  (ECF No. 30).

On October 21, 2025, the Court received mail sent to Plaintiff at the Varner Unit returned as undeliverable mail.  (ECF No. 37).  The Clerk of the Court updated Plaintiff's address of record per the return envelope indicating Plaintiff was transferred to the Arkansas Division of Corrections Tucker Unit (hereinafter "Tucker Unit").  *Id.*

On October 27, 2025, Defendant Sanford filed a Motion to Dismiss.  (ECF No. 39).  The Court entered an Order, on October 28, 2025, ordering Plaintiff to respond to Defendant Sanford's Motion to Dismiss.  (ECF No. 41).  Plaintiff was advised in this Order that his failure to respond would result in the dismissal of this action without prejudice.  *Id.*  Plaintiff's response was due on

November 18, 2025.  *Id.*  This Order was mailed to Plaintiff at the Tucker Unit, and it was not returned as undeliverable mail.  Plaintiff failed to respond.

On November 20, 2025, the Court entered an Order to Show Cause ordering Plaintiff to show cause why he failed to respond to the Court's October 28, 2025 Order.  (ECF No. 45).  The Court advised Plaintiff in this Order that his failure to respond would subject this case to dismissal. *Id.*  Plaintiff's response was due December 11, 2025.  *Id.*  This Order to Show Cause was sent to Plaintiff at the Tucker Unit and was not returned as undeliverable mail.  Plaintiff failed to respond.

The Court has not received any returned mail sent to Plaintiff at the Tucker Unit, and it has not received any communications from Plaintiff since July 9, 2025.  (ECF No. 30).

## II.    DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with

3

*any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with the Court's Orders, and he has failed to prosecute this matter. However, the Court does not find dismissal with prejudice is warranted here. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Orders.

### III.   CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Amended Complaint (ECF No. 6) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

4

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this 13th day of February 2026.

/s/ *Spencer G. Singleton*
HON. SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE